UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KENNETH S. SAVAGE (#71277-018),

    Petitioner,

v.                                            Civil Action No. 2:24-cv-127

D. LEU, WARDEN,
Petersburg FCC – Low,

    Respondent.

## OPINION AND ORDER

Petitioner Kenneth Savage ("Petitioner" or "Savage") is a federal inmate at FCI Petersburg – Low, currently serving a 120-month sentence for conspiracy to distribute heroin and fentanyl. In his pro se federal habeas petition, Savage asserts one claim for relief, alleging that he tested positive for barbiturates because he was prescribed Primidone, a barbiturate-type antiepileptic medication used to treat seizures. Respondent Warden Leu ("Respondent") filed a Motion to Dismiss the Petition as moot, (ECF No. 5), and both parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 4, 8). For the reasons explained below, I find that the court lacks jurisdiction. I therefore GRANT Respondent's Motion and DISMISS Savage's Petition.

### I.    BACKGROUND

On August 27, 2019, Petitioner was sentenced in the Middle District of Florida to 120 months in prison for conspiracy to distribute heroin and fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846. Forbes Decl. (ECF No. 6-1, at 8). On May 25, 2023, while housed at FCI Petersburg – Low in the Eastern District of Virginia, Petitioner tested positive for barbiturates during a drug screen. Id. at 4. Disciplinary proceedings triggered by the positive drug

1

screen eventually resulted in the loss of 41 days of good conduct time. Id. Petitioner filed various administrative appeals, all of which were rejected.[1] Pet. Writ Habeas Corpus ("Pet.") (ECF No. 1, at 2–3, 10–13). On February 26, 2024, Petitioner filed his Petition for a Writ of Habeas Corpus with this court, seeking expungement of the disciplinary report and restoration of the 41 days of good conduct time. Id. at 1, 7. He alleges that he tested positive for barbiturates because he was prescribed Primidone, a barbiturate-type antiepileptic medication used to treat seizures. Id. at 6.

On April 23, 2024, Respondent filed a Motion to Dismiss the Petition, as well as the notice to pro se plaintiffs required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Resp't's Mot. Dismiss Pet. ("Resp't's Mot.") (ECF No. 5); Resp't's Roseboro Notice (ECF No. 7). Respondent alleges that Petitioner's claims are moot because the Bureau of Prisons ("BOP") expunged the contested incident from Petitioner's record and restored his 41 days of good conduct time. Forbes Decl. (ECF No. 6-1, at 2). As a result, this court lacks proper subject-matter jurisdiction. Resp't's Mem. Supp. Mot. Dismiss (Resp't's Mem.") (ECF No. 6, at 5). Petitioner did not file a response to Respondent's Motion to Dismiss. Both parties have consented to proceed before the undersigned United State Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 4, 8).

## II.   ANALYSIS

**A.   The court may consider matters outside of the pleadings because there is a factual challenge to subject-matter jurisdiction.**

Respondent brought a Rule 12(b)(1) Motion to Dismiss the Petition for Lack of Subject-Matter Jurisdiction. Resp't's Mot. (ECF No. 5). According to the Fourth Circuit, "[c]hallenges to subject-matter jurisdiction can be presented either facially or factually." Hutton v. Nat'l Bd. Of

---

[1] The Petition refers to three (3) administrative appeals at various levels. Pet. (ECF No. 1, at 2–3). However, there are four (4) administrative remedy rejection notices attached to the Petition. Id. at 10–13. The earliest of the attached administrative remedy rejection notices appears to allude to a fifth administrative appeal. Id. at 13.

2

Exam'rs in Optometry, Inc., 892 F.3d 613, 620–21 (4th Cir. 2018) (citing Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)). Here, Respondent is bringing a factual challenge, asserting that the jurisdictional facts in the Complaint are not true because federal courts only have jurisdiction over "cases or controversies," and the BOP already granted the remedy Petitioner is seeking. Resp't's Mem. (ECF No. 6, at 5). When there is a factual challenge under Rule 12(b)(1), the court can "consider the evidence beyond the scope of the pleadings to resolve factual disputes concerning jurisdiction." Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). Accordingly, for purposes of determining the alleged mootness of the petition the court will consider the Declaration of Kelly Forbes ("Forbes Decl.") that Respondent filed with his memorandum supporting his Motion to Dismiss.

**B.  The Petition is moot because the Bureau of Prisons restored 41 days of Petitioner's good conduct time.**

Article III of the U.S. Constitution limits the jurisdiction of federal courts to the adjudication of actual cases and controversies. U.S. CONST. art. III, § 2, cl. 1. Federal court jurisdiction requires an ongoing case or controversy throughout all stages of the proceedings. Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). A moot action does not qualify as an "active case or controversy." Watson v. INS, 112 F. Supp. 2d 838, 839 (E.D. Va. 2003) (quoting Adler v. Duval Cnty. Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1977)); Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies.") (citing DeFunis v. Odegaard, 416 U.S. 312, 316 (1974)). A case where parties "lack a legally cognizable interest in the outcome" is moot. Powell v. McCormack, 395 U.S. 486, 496 (1969). Further, a case can become moot due to a change in the facts or law. J.W. v. Knight, 452 F. App'x 411, 414 (4th Cir. 2011) (citing Ross v. Reed, 719 F.2d 689, 693-94 (4th Cir. 1983)).

3

Here, a change in facts has rendered the case moot. Petitioner requested that the court "overturn and strike the drug screen incident from his record and adjust all points and good conduct time accordingly." Pet. (ECF 1, at 7) (cleaned up). In the time since the Petition was filed, the BOP has granted Petitioner's requests without court action. Forbes Decl. (ECF No. 6-1, at 2). On March 25, 2024, Petitioner's Inmate Discipline Data showed the drug screen incident. Forbes Decl. (ECF No. 6-1, at 4). However, when Petitioner's Inmate Discipline Data was accessed on April 12, 2024, the incident no longer appeared because the BOP expunged it from his record. Forbes Decl. (ECF No. 6-1, at 5). Similarly, on March 25, 2024, Petitioner's Sentence Monitoring Good Time Data showed 188 days of earned good conduct time, while on April 23, 2024, it showed 229 days of earned good conduct time, a difference of 41 days. Forbes Decl. (ECF 6-1, at 6–7).

Respondent served his Motion to Dismiss the Petition, (EFC No. 5), his Memorandum Supporting his Motion to Dismiss, (ECF No. 6), and the Forbes Declaration, (ECF No. 6-1), on Petitioner. Additionally, Respondent served Petitioner a Roseboro Notice, (ECF No. 7), as is required for pro se plaintiffs by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Petitioner had an opportunity to respond to these filings, but he elected not to. Because both of Petitioner's requests for relief—the expungement of the incident and the restoration of good conduct time lost as a result of the incident—have already been granted by the BOP, there is no legally cognizable interest in the outcome of this case. The case is moot, and thus this court does not have jurisdiction.

### III.   CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss, (ECF No. 5) is GRANTED. Savage's Petition under 28 U.S.C. § 2241 is DISMISSED AS MOOT.

Finding that the basis for dismissal of Petitioner's § 2241 petition is not debatable, and alternatively finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); see Rules

Gov. § 2254 Cases in U.S. Dist. Cts. 11(a); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335–38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. Rule App. Proc. 22(b); Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a). **If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so within sixty (60) days from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.**

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

June 28, 2024

## Clerk's Mailing Certificate

A copy of the foregoing was mailed this date to:

**Kenneth S. Savage**
71277-018
FCC Federal Corrections Center Petersburg Low
1000 General Delivery
Petersburg, Virginia 23804

A copy of the foregoing was provided electronically this date to:

**Daniel P. Shean**
Assistant United States Attorney
United States Attorney's Office
101 West Main Street
Suite 8000
Norfolk, Virginia 23510

Fernando Galindo, Clerk

By ___/s/ J. L. Meyers___
Deputy Clerk

June 28
_____, 2024

6